**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED ADVERTISING PUBLICATIONS, INC. and DOMINION ENTERPRISES, : : : : | |
| Plaintiffs, : : | CIVIL ACTION NO. 1:11-CV-2403-RWS |
| v. : : | |
| KINETOSCOPE MEDIA, INC. and MASH WEB HOLDINGS, LLC, : : : : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Defendants' Motion for Order to Vacate Default Judgment ("Defs.' Mot. to Vacate") [14]. After reviewing the record and the parties' submissions, the Motion [14] is **DENIED** for the reasons that follow.

## **Background**

On July 21, 2011, Plaintiffs commenced this action by filing a Complaint against Defendants seeking both damages and equitable relief. (Dkt. [1].) On July 25, 2011, as evidenced by Returns of Service filed with the Court on August 5, 2011, both Defendants properly were served with a summons and a

copy of the Complaint, through service on their registered agent, David M. Adler ("Adler"), an attorney licensed to practice law in the state of Illinois. (Dkt. [5], [6]; Aff. of David Adler, Dkt. [14-3] at 1.) Pursuant to Federal Rule of Civil Procedure 12(a)(1), Defendants were required to file an answer or pre-answer motion on or before August 15, 2011. Defendants failed to do so, however, and on August 29, 2011, Plaintiffs filed a Motion for Entry of Default, serving a copy of the same on Defendants' registered agent, Adler. (Dkt. [7].) Default was entered on the same day as to both Defendants.

On September 12, 2011, in light of Defendants' default, Plaintiffs filed a Motion for Default Judgment as to both Defendants, again serving a copy of the Motion on Defendants' registered agent, Adler. (Dkt. [8].) On September 13, 2011, the Court entered a Final Order and Judgment granting Plaintiffs' Motion for Default Judgment. (Dkt. [9].) Following the Court's entry of the Final Order and Judgment, on September 30, 2011, counsel for Defendants entered notices of appearance. (Dkt. [11], [12].) On October 4, 2011, Defendants filed an Answer [15] and the Motion for Order to Vacate Default Judgment [14], which motion is currently before the Court.

Defendants ask the Court to set aside the default judgment on grounds of "excusable neglect," arguing that their failure to file a timely response to the Complaint was due to their inability to locate local counsel. (Defs.' Mot. to Vacate, Dkt. [14] at 4 ¶ 19; Mem. in Supp. of Defs.' Mot. to Vacate ("Defs.' Mem."), Dkt. [14-1] at 3-5, 8-10.) Defendants contend that after being served with the Complaint, they immediately commenced a search for local counsel but were unsuccessful until September 26, 2011, when current counsel were retained. (Defs.' Mot. to Vacate, Dkt. [14] at 4 ¶ 15.) As set out in their motion, Defendants' efforts to obtain local counsel were as follows:

- "On or about July 27, 2011, David M. Adler, an attorney for Defendants, began seeking referrals for local counsel admitted to practice in Federal Court in Georgia."

- "On or about July 28, 2011, Adler spoke with attorney Lisa Moore about appearing as local Georgia counsel on behalf of Defendants."

- "On or about August 2, 2011, Adler was informed that attorney Moore could not appear on behalf of Defendants due to a professional conflict."

- "On or about August 5, 2011, Adler contacted attorney Judith Powell, counsel for Plaintiffs, and informed attorney Powell that Defendants had been unsuccessful seeking local counsel in this matter but that efforts continued."

3

- "On or about August 24, 2011, Adler spoke with attorney James Doyle about appearing as local Georgia counsel on behalf of Defendants."

- "On or about September 1, 2011, Adler determined that attorney Doyle would not be able to appear on behalf of Defendants."

- "On or about September 1, 2011, Adler contacted attorney Powell, and informed attorney Powell that Defendants were still unsuccessful retaining local counsel in this matter but that efforts continued and asking [sic] whether Plaintiffs would oppose Defendants [sic] request for additional time. Adler was informed by Powell that she would oppose any request for additional time."

- "On or about September 2, 2011, Adler spoke with attorney Steven Sidman about appearing as local Georgia counsel on behalf of Defendants. Attorney Sidman referred Adler to attorney Mickey Ross."

- "On or about September 5, 2011, Adler spoke with attorney Mickey Ross about appearing as local Georgia counsel on behalf of Defendants."

- "During the period from approximately August 30, 2011 to September 21, 2011 the principals of Defendants were in the Country of Ukraine."

- "On or about September 26, 2011, Defendants retained attorney Mickey Ross and the law firm of Taylor English Duma LLP to act as local Georgia counsel on behalf of Defendants."

(Id. at 2-4 ¶¶ 3-13, 15.)

AO 72A
(Rev.8/82)

Based on these efforts, Defendants argue that they "continuously and diligently sought to retain local counsel admitted to the federal courts in the State of Georgia to respond to the allegations against them." (Defs.' Mem., Dkt. [14-1] at 2.) Defendants also contend that the difficulty in obtaining local counsel was exacerbated by the fact that "Defendants' internal legal personnel and corporate officers were in a foreign country for an extended period of time during the search." (Id. at 9.) Finally, Defendants make much of the fact that Plaintiffs' counsel would not consent to an extension of time for Defendants to obtain local counsel and respond to the Complaint, as requested by Adler: "Out of professional courtesy, Defendants' out of state counsel kept Plaintiffs' counsel advised of their efforts and the status of their search. Nevertheless, Plaintiffs saw an opportunity to steamroll Defendants and obtain first a Default and later a Default Judgment before Defendants even had a chance to mount a defense." (Id.) Based on the foregoing, Defendants request that the Court set aside the default judgment on grounds of "excusable neglect."

In opposition to Defendants' motion to set aside the default judgment, Plaintiffs argue, among other things, that Defendants' have failed to show excusable neglect for their failure to respond to the Complaint in a timely

5

fashion. (See generally Pls.' Br. in Opp'n to Defs.' Mot. to Vacate ("Pls.' Br.") Dkt. [18].) In particular, Plaintiffs contend that contacting a mere four lawyers in the State of Georgia during an eight week period, despite Defendants' counsel's awareness of the August 15, 2011 response deadline, was grossly negligent rather than diligent. (Id. at 12-13.) Plaintiffs further point out that Defendants' counsel contacted only one Georgia attorney prior to the August 15, 2011 deadline (id. at 13)–Lisa Moore, on July 28, 2011 (Defs.' Mot. to Vacate, Dkt. [14] at 2 ¶ 4). Although Moore notified Defendants' counsel that she would be unable to undertake the representation on August 2, 2011, well before Defendants' response deadline, Defendants' counsel failed to contact any other local attorney until August 24, 2011, after the response deadline had passed. (Pls.' Br., Dkt. [18] at 13.)

Finally, Plaintiffs point out that while Defendants' counsel contacted Plaintiffs' counsel on August 5, 2011, he never requested an extension of time to respond to the Complaint at that time. (Id. at 2, 11.) On the contrary, Defendants' counsel requested an extension only after the response deadline had passed and default had been entered. (Id. at 4.) Because consenting to an extension of time at that point would be, in effect, consenting to set aside the

6

default, Plaintiffs' counsel refused, reasoning that to do so would be to forfeit a substantive right of her clients. (Id. at 4-5.) The Court considers these contentions below.

## Discussion

### I. Defendants' Motion for Order to Vacate Default Judgment [14]

Under Federal Rule of Civil Procedure 60(b), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other reasons, "mistake, inadvertence, surprise, or *excusable neglect . . . .*" Fed. R. Civ. P. 60(b)(1) (emphasis added). As stated above, Defendants ask the Court to vacate the Final Order and Default Judgment [9] under this Rule on grounds of "excusable neglect." To establish excusable neglect under Rule 60(b), "a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a *good reason* exists for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (internal quotation and citation omitted) (emphasis added). The Court need not consider each of these requirements because it concludes, as discussed below, that Defendants have

7

failed to show a "good reason" for their failure to timely respond to the Complaint. See, e.g., Gibbs v. Air Canada, 810 F.2d 1529, 1538 (11th Cir. 1987) ("[The plaintiff] also asserts that [the defendant] failed to meet the second leg of the test for establishing excusable neglect because it did not establish a meritorious defense . . . . Because we find that [the defendant] failed to establish good cause for its default, we need not reach this argument."); Hensel Phelps Constr. Co. v. Drywall Sys. Inc., No. 06-21755-CIV, 2007 WL 2433839, at *1 (S.D. Fla. Aug. 22, 2007) ("Because the Court finds that [the defendant] has failed to establish a good reason for its failure to reply to the Complaint the Court will not address whether [the defendant] has a meritorious defense or the potential prejudice which would be caused to [the plaintiff] if the Final Default Judgment were vacated.").

The Eleventh Circuit has established that a "good reason" for default does not exist where the default "is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken . . . ." Gibbs, 810 F.3d at 1537; see also Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 935 (11th Cir. 2007) ("Our Rule 60(b)(1) cases have consistently held that where internal procedural safeguards

8

are missing, a defendant does not have a 'good reason' for failing to respond to a complaint."). Furthermore, a defendant cannot establish a "good reason" for default where the defendant, "knowing that an action has been filed against him, fails to act diligently in ensuring that his attorney is adequately protecting his interests." Sloss Indust., 488 F.3d at 936. Otherwise stated, a party seeking relief from a default judgment must, "[a]t the very least, . . . demonstrate his own diligence, even where the attorney commits gross misconduct." SEC v. Simmons, 241 F. App'x 660, 663-64 (11th Cir. 2007).

The Court's conclusion that Defendants have failed to show a good reason for their default warrants little explanation. Defendants' "good cause" argument centers around the purported difficulty they faced in obtaining local counsel, despite what Defendants characterize as a "continuous and diligent" effort to do so. As Plaintiffs argue, however, the efforts of Defendants' out of state counsel to obtain local counsel prior to the expiration of Defendants' response deadline–and within time to prepare a proper response to the Complaint–were far from continuous or diligent. The record shows that counsel contacted only four Georgia attorneys, total, over an eight week period, and only *one* prior to the August 15, 2011 response deadline. This is in spite of

9

the fact that Defendants' counsel was served with a copy of the Complaint on July 25, 2011.  These facts alone satisfy the Court that Defendants do not have good cause for failing to respond to the Complaint.  Accordingly, because Defendants have not shown a "good reason" for their default, they have failed to show "excusable neglect" so as to be entitled to relief from the Court's Final Order and Judgment [9].

## Conclusion

In accordance with the foregoing, Defendants' Motion for Order to Vacate Default Judgment [14] is **DENIED**.

**SO ORDERED**, this   25th   day of May, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE